No. 22-5137

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

───────────────────────────────

FEDERAL TRADE COMMISSION,
*Plaintiff-Appellant*,

v.

ENDO PHARMACEUTICALS INC., ET AL.,
*Defendants-Appellees*.

───────────────────────────────

On Appeal from the United States District Court
for the District of Columbia
No. 1:21-cv-217
Hon. Royce C. Lamberth

───────────────────────────────

### OPPOSITION OF THE FEDERAL TRADE COMMISSION TO IMPAX'S MOTION TO CONTINUE ORAL ARGUMENT

───────────────────────────────

ANISHA S. DASGUPTA
  *General Counsel*

JOEL MARCUS
  *Deputy General Counsel*

BRADLEY S. ALBERT
DANIEL W. BUTRYMOWICZ
KARA L. MONAHAN
ERIC M. SPRAGUE
*Of Counsel*

MARK S. HEGEDUS
  *Attorney*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
(202) 326-2115
mhegedus@ftc.gov

On March 13, the Court set oral argument in this case for May 1. Impax Laboratories, Inc. has now asked the Court to postpone the argument to "a date after May 19." The Federal Trade Commission opposes Impax's Motion. Impax has failed to show "extraordinary cause" under Circuit Rule 34(g), and continuance would prejudice the FTC and the consumers it protects.

The FTC filed its notice of appeal in this matter on May 19, 2022. On July 14, 2022, the Court entered a briefing schedule that had been jointly requested by the parties under which the FTC was to have filed its opening brief on September 12 and briefing was to have been completed by December 23. That timing would have allowed the Court to hear argument this term. The schedule was upended when Endo Pharmaceuticals, Inc. filed a "Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings" on August 17, leading the Court to suspend the briefing schedule. In an effort to get the appeal back on track, the FTC asked the Court without opposition to reinstate the briefing schedule on September 7, which the Court did on October 24. The parties then negotiated a briefing schedule, which the Court entered, calling for completion of briefing by March 14, 2023, still enough time for the case to be heard this term. The day before the FTC's reply brief, the Court set argument for May 1, 2023, 49 days later.

## DISCUSSION

"The Court disfavors motions to postpone oral argument and will grant them only upon a showing of 'extraordinary cause.'" Handbook of Practice and Internal Procedures, Section XI.B. at 50. Impax may not want argument on May 1, but it has not shown the extraordinary cause needed to upset the established calendar.

For one thing, although Impax asks for a new argument date "after May 19," the Court's argument term appears to end on May 15,[1] which means that granting Impax's motion will necessarily push this case back to the fall. The FTC would happily agree to a one- or two-week extension, but four months is too long. This case involves monopoly pricing for a pharmaceutical product stemming from alleged anticompetitive conduct. The longer the conduct persists, the more money consumers overpay. The briefing schedule for this case was already derailed by Endo's bankruptcy, and pushing argument back four months means yet another four months of monopoly prices (and unlawful profit for Endo and Impax). Impax's contention that no party will be prejudiced from the delay is not correct.

Furthermore, the Court's Handbook of Practice and Internal Procedures informs parties that argument can be scheduled as soon as 45 days after completion

---

[1] *See* https://www.cadc.uscourts.gov/internet/sixtyday.nsf/fullcalendar?OpenView&count=1000.

2

of briefing and warns them to advise the Court of any scheduling conflicts as soon as possible in advance. Handbook, Section X.D. at 48. Yet Impax never advised the Court of its conflict despite admitting that it has known of its counsels' upcoming trial for several months. *See* Motion at 1. Indeed, Section XI.A. expressly counsels that notice of conflicts should be delivered as soon as possible after the briefing schedule is established precisely because the Court does not confer with the parties before scheduling argument.

    Impax also fails to show extraordinary cause because it does not establish that it needs to present oral argument in this case. In most cases involving multiple aligned parties, one lawyer typically argues for all of them unless there are divergent interests. Indeed, Circuit Rule 34(c) establishes the default rule that "[i]n cases in which 15 minutes or less per side is allotted for argument, only one counsel may be heard for each side except by leave of the court, granted on motion for good cause shown." Impax has not shown that its interests and Endo's are at odds in any way such that Endo's lawyers could not adequately argue the case for both parties. Impax's brief makes no argument and raises no issue fundamentally different from Endo's. Nor does Impax show that not a single one of the five lawyers that signed its brief is available.

3

For the foregoing reasons, the Court should deny Impax's Motion and hold oral argument on May 1 as scheduled.

                                                  Respectfully submitted,

                                                  ANISHA S. DASGUPTA
                                                      *General Counsel*

                                                  JOEL MARCUS
                                                        *Deputy General Counsel*

March 16, 2023                                /s/ *Mark S. Hegedus*
                                                  MARK S. HEGEDUS
                                                       *Attorney*

                                                FEDERAL TRADE COMMISSION
                                                600 Pennsylvania Avenue, N.W.
                                                Washington, D.C. 20580

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing brief complies with Federal Rule of Appellate Procedure 27(d)(2)(A) in that it contains 697 words.

I further certify that on March 16, 2023, the foregoing brief was filed and served via the Court's CM/ECF system.

March 16, 2023

/s/ *Mark S. Hegedus*
Mark S. Hegedus
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580